UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
CIVIL MINUTES - GENERAL

Case No.   CV 06-5340 GPS (JWJx)            Date:   October 30, 2006

Title:   _Jerrold Rhodes et al v. Cornell Haynes, Jr. etc. et al_

==================================================================
PRESENT:          THE **HONORABLE GEORGE P. SCHIAVELLI**,   JUDGE

              Jake Yerke                          Rosalyn Adams
           Courtroom Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

Michael Finley                           Gary J. Kaufman
                                         Jeffrey Mayes

PROCEEDINGS:   Defendants Cornell Haynes & Fillmore Street Brewery's Joint
               Motion to Dismiss, or in the alternative, Motion for a More
               Definite Statement, or in the alternative Motion to Transfer;
               Defendant Haynes Motion to Dismiss for Lack of Personal
               Jurisdiction;
               Defendant Wildgoose's Motion to Dismiss For Lack of Personal
               Jurisdiction and Failure to State a Claim

     On October 20, 2006, this Court held a hearing on the above captioned motions. For the reasons stated below, Defendants Haynes & Fillmore Street Brewery's Joint Motion is **GRANTED IN PART** and this case is **TRANSFERRED** to the Eastern District of Missouri. In light of this ruling, the Court need not reach the remainder of Defendants' motions and makes no ruling on them.

**Background**

     Plaintiffs (a race car driver and drag racing corporation) filed the present case against Defendants Cornell Haynes, Jr. A.K.A. ("Nelly"); Fillmore Street Brewery, LLC ("Fillmore")(Nelly and Fillmore are collectively referred to as the "Pimpjuice Defendants"); Julie Wildgoose and her business Media in Motion (collectively "Wildgoose") for claims arising out of the business relationships between the parties.

     According to the Complaint, Defendant Wildgoose orally agreed to be Plaintiffs' promoter and agent to secure a sponsorship for Plaintiffs' racing team from the Pimpjuice Defendants, the makers of the Pimpjuice energy drink. In May 2005, Wildgoose allegedly informed Plaintiffs that the Pimpjuice Defendants had agreed to a proposed contract to be Plaintiffs' primary racing sponsor and would provide them with $75,000, team uniforms, logos for the

MINUTES FORM 11                          Initials of Deputy Clerk ____
CIVIL - GEN



race car, and related publicity. According to Plaintiffs, Pimpjuice subsequently issued a press release regarding their sponsorship of Plaintiffs as well as advertisements that featured Plaintiffs as the official Pimpjuice racing team.

Plaintiffs admit that no contract including the $75,000 term was ever signed. Plaintiffs allege that Wildgoose and the Pimpjuice Defendants instead made a "side agreement" to use Plaintiffs to advertise and promote the Pimpjuice product and pay Wildgoose instead of the Plaintiffs. Plaintiffs filed this suit shortly after Defendants refused to pay the $75,000 in financial sponsorship that Plaintiffs claim is due to them.

Based on these facts, Plaintiffs filed their Complaint alleging claims for: (1) fraud; (2) unauthorized use of name, image, or signature; (3) misappropriation of identity; (4) intentional infliction of emotional distress; (5) punitive damages (6) breach of contract; (7) breach of oral contract; (8) intentional interference with prospective economic advantage; (9) breach of fiduciary duties; and (10) unjust enrichment.

Defendants challenged this Complaint on several different grounds. However, as shown below, the Court need not reach the majority of these issues because venue does not appear proper in this district.

### Pimpjuice Defendant's Motion to Dismiss For Improper Venue

The Pimpjuice Defendants moved to dismiss the claims against them for improper venue under Federal Rule of Civil Procedure 12(b)(3). For the reasons stated below, this motion is **GRANTED**.

#### Legal Standard

Venue in the United States District Court is governed by 28 U.S.C. § 1391(a), which provides that, in an action based on diversity, venue is proper in (1) a judicial district where any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise of the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action may otherwise be brought.

If venue is found to be improper, a court must either dismiss the case, or transfer it, if it be in the interest of justice, to the district or division in which the case could have been brought. Fed.R.Civ.P 12(b)(3); 28 U.S.C. § 1406(a). It is entirely within the court's discretion whether to dismiss or transfer the action. *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 588 (9th Cir. 1991).

#### Analysis

An analysis of § 1391 demonstrates that venue is not proper in this

Court. First, none of the Defendants are residents of the Central District of California, and thus venue is inappropriate under § 1391(a)(1). Second, there is substantial evidence that all of the events that provide the basis for Plaintiffs' claims against the Pimpjuice Defendants occurred outside this District, and thus venue is inappropriate under § 1391(a)(2). Finally, although some Defendants are subject to personal jurisdiction in this Court, there appears to be another jurisdiction where this action could be brought, and thus venue is inappropriate under § 1391(a)(3). The analysis below focuses on § 1391(a)(2) and (3) because it is undisputed that no Defendants reside in the Central District of California.

### i. Venue Is Improper Under 28 U.S.C § 1391(a)(2)

Section 1391(a)(2) provides venue in a district where "a substantial part of the events or omission giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In reviewing the "locus" of the events giving rise to the underlying action, the Court is to focus on the activities of individual defendant, rather than the plaintiffs. *See Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

Focusing on the activities of the Pimpjuice Defendants demonstrates that virtually all of the events giving rise to Plaintiffs' claims against these defendants occurred in St. Louis, Missouri, which is in the Eastern District of Missouri.

The Pimpjuice Defendants allege that none of their conduct with respect to the present lawsuit took place in California. Specifically, the Pimpjuice Defendants claim they dealt with Plaintiffs through their representative, Wildgoose, and signed an agreement for a non-monetary sponsorship of Plaintiffs' racing team when Wildgoose met with Defendant Fillmore's officers in St. Louis, Missouri.

In their Opposition, Plaintiffs argue that the Pimpjuice Defendants committed the acts underlying the present claims in California. Plaintiffs note that the advertisements that wrongly feature Plaintiffs were aired on California television and included in two magazines with California circulation. Plaintiffs also allege that the fraudulent statements made to him occurred while Plaintiffs were in California and the Pimpjuice decals were delivered to Plaintiffs in California.

Contrary to Plaintiffs' position, however, it appears that Plaintiffs' entire case against the Pimpjuice Defendants is focused on their alleged breach of an oral agreement to financially sponsor Plaintiffs and an allegedly fraudulent "side agreement" that the Pimpjuice Defendants entered into with Plaintiffs' representative, Wildgoose. All of these actions took place in Missouri. Further, Plaintiffs' arguments fail to consider the full facts surrounding the "California" actions they list. Every act that Plaintiffs claim as a basis for finding the underlying case arises out of California (the California advertisements, communications with Plaintiffs in

California, and the shipment of the decal to California) were done pursuant to the written agreement between the Pimpjuice Defendants and Defendant Wildgoose and this agreement was made in St. Louis, Missouri. Thus, when properly focusing on the actions of the Pimpjuice Defendants, it appears that a "substantial part of the events underlying" the present lawsuit took place in the Eastern District of Missouri and not in the Central District of California. Accordingly, venue appears improper under 28 U.S.C. § 1391(a)(2).

### ii. Venue Appears Improper Under 28 U.S.C § 1391(a)(3)

Under § 1391(a)(3), venue is proper in a "district in which any defendant is subject to personal jurisdiction . . . if there is no [other] district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). As shown above, venue is not proper under § 1391(a)(3) in the present case because the present action could have been brought in the Eastern District of Missouri.

**Conclusion**

Given the analysis above, the Pimpjuice Defendants' Motion to Dismiss For Improper Venue under FRCP 12(b)(3) is **GRANTED**. Rather than dismiss Plaintiffs' case, the Court exercises its discretion to **TRANSFER** this action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1406. In light of this ruling, the Court will not rule on the remainder of Defendants' motions.

**IT IS SO ORDERED.**