UNITED STATES DISTRICT COURT.    *p*- Send
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
CIVIL MINUTES - GENERAL

Case No.   CV 06-5340 GPS (JWJx)            Date: February 5, 2007

Title:   *Amphenol Corp. v. Aero-Electric Connector, Inc.*
================================================================
PRESENT:      THE **HONORABLE GEORGE P. SCHIAVELLI,** JUDGE

           Krista Barrett                        Not Present
          Courtroom Clerk                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                           Not Present

PROCEEDINGS:   Defendants' Motion to Dismiss Claims 2-7 Of Plaintiff's First
               Amended Complaint
               (In Chambers)

   The Court finds Defendants' Motion to Dismiss appropriate for decision without oral argument. L.R. 7-15. This is Defendants' second Motion to Dismiss. On October 30, 2006, this Court granted a very similar motion to Dismiss without prejudice and allowed Plaintiff an opportunity to amend. For the reasons stated below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

### Legal Standard

   A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

### Analysis

   Defendants' current Motion is based on two arguments. First, Defendants argue that claims 2, 3, 5-7 are preempted by the California Uniform Trade Secrets Act ("CUTSA") because the First Amended Complaint ("FAC") fails to allege any factual basis for these claims beyond the misappropriation of trade secrets. Second, Defendants' argue Plaintiff's FAC fails to allege critical elements necessary to state a proper claim as to claims 4, 5, and 6.

   CUTSA Preemption (Claims 2, 3, 5-7)

   Defendants allege that the bulk of Plaintiff's claims are preempted by

MINUTES FORM 11                              Initials of Deputy Clerk ____
CIVIL - GEN

62

the CUTSA because they are based on a single factual basis: Defendants' alleged misappropriation of Plaintiff's trade secrets. Specifically, Defendants allege that the CUTSA preempts Plaintiff's claims for common law unfair competition, intentional interference with business relationships, intentional interference with contractual relationships, and statutory unfair competition (collectively "preempted claims").[1] Defendants provide a number of persuasive authorities where courts found the CUTSA preempted similar claims. *See e.g. Callaway Golf Co. v. Dunlop Slazenger Group*, 318 F.Supp.2d 216 (D. Del. 2004); *Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1034-35 (N.D. Cal. 2005). Although there may be merit to Defendants' position, this preemption argument is premature.

Every published case Defendants' cite in support of their preemption argument (*Callaway Golf*; and *Digital Envoy*) determined that CUTSA preemption barred claims *at summary judgment*. It would therefore be inappropriate to dismiss Plaintiff's claims at the present stage, especially in light of the reasoning in *Callaway Golf*, where the court refused to decide the preemption issue until it had a fully developed record:

> Now that the records has been more fully developed, and [the court] ha[s] addressed the merits of [the defendant's] misappropriation of trade secrets claim in [its previous order], [the court is] in a position to address the merits of Callaway's claim that, if the information at issue constitutes trade secrets, [the defendant's] common law claims are preempted by [the] CUTSA.

*Callaway Golf*, 318 F.Supp.2d at 218.

Given the authority above, Defendants' preemption argument is premature and Defendants' Motion to Dismiss claims 2, 3, 5, 6, and 7 on this basis is **DENIED WITHOUT PREJUDICE**.

Defendants' Motion To Dismiss Plaintiff's Lanham Act Claim (Claim 4)

Defendants' argue that Plaintiff failed to allege the necessary elements to state a claim for violation of section 43(a) of the Lanham Act. In order to state a proper claim under the Lanham Act, a plaintiff must allege three basic elements: (1) distinctiveness; (2) nonfunctionality; and (3) likelihood of confusion. Defendants argue that the allegations in the FAC doe not meet the first or third elements.

With regard to the first element, "distinctiveness", Defendants argue that the "part number designations and third party certifications"[2] Plaintiff claims as the basis of its Lanham Act claim are not alleged to be a trademarks or inherently distinctive.

---

[1]   Claims 2, 3, 5, 6, and 7.

[2]   FAC at ¶ 62.

MINUTES FORM 11                                           Initials of Deputy Clerk_____
CIVIL - GEN

With regard to the third element, "likelihood of confusion", Defendants allege that the FAC fails to allege that consumers could be confused between the source of Plaintiff's products and those produced by Defendant Aero-Electric.

Defendant is correct on both points. Plaintiff's vague allegations are clearly insufficient. Because Plaintiff has not come close to alleging a viable claim under the Lanham Act after two attempts, the Court is convinced that there is no such claim. Accordingly, Defendants' Motion to Dismiss Plaintiff's Lanham Act Claim (Claim 4) is **GRANTED** and this claim is **DISMISSED WITH PREJUDICE**.

### Defendants' Motion To Dismiss Plaintiff's Inference With Prospective Economic Advantage Claim (Claim 5)

The elements for intentional interference with a prospective economic advantage are: (1) an economic relationship between the plaintiff and some third party that is likely to provide a future economic benefit to plaintiff; (2) a defendant's knowledge about this relationship; (3) intentional acts by a defendant designed to disrupt this relationship; (4) an actual disruption with the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003). Additionally, a plaintiff must allege that the defendant's conduct was "wrongful" by some measure beyond the interference itself. *Della Penna v. Toyota Motor Sales, USA*, 11 Cal.4th 376, 392-93 (1995).

Defendants argue that Plaintiff failed to allege the necessary elements. Specifically, Defendants allege (1) Plaintiff failed to plead facts demonstrating a "wrongful" act beyond the interference itself and (2) Plaintiff failed to allege the existence of a specific relationship with a third-party or that there was actual interference with such a relationship. Although the Court is not convinced by Defendants' first argument, Defendants' second argument is persuasive.

Defendants are correct that Plaintiff failed to identify any actual disruption of any specific third party relationships. Plaintiff argues it cannot name a specific supplier without compromising its trade secrets. Although this may excuse Plaintiff's failure to name specific suppliers, it does not explain Plaintiff's failure to allege that Defendants have actually interfered with their supplier relationships.

Plaintiff has again failed to allege a viable claim for intentional interference with a prospective economic advantage. As with Plaintiff's Lanham Act claim, the Court is convinced that Plaintiff's failure to allege a viable claim after two attempts demonstrates that there is no such claim. Accordingly, Defendants' Motion to Dismiss Plaintiff's intentional interference with a prospective economic advantage (Claim 5) is **GRANTED** and

this claim is **DISMISSED WITH PREJUDICE**.

<u>Defendants' Motion To Dismiss Plaintiff's Intentional Inference With Contractual Relations Claim (Claim 6)</u>

Finally, Defendants argue that Plaintiff failed to state a claim for intentional interference with contractual relations (Claim 6) because: (1) Plaintiff did not allege a breach or disruption of a specific contract, and (2) Plaintiff does not sufficiently allege that Defendants actions are not mere competition.³ In its Opposition, Plaintiff argues that its contractual relationships with its suppliers (whose names must be withheld to protect Plaintiff's trade secrets) are being interfered with by Defendants' solicitation of these suppliers. Plaintiff additionally argues that whether this solicitation is a "disruption" of these contractual relationships is a question of fact that cannot be resolved at this early point in the litigation.

After reviewing the FAC, the Court is persuaded by Defendants' position because Plaintiff failed to allege that Defendants actually interfered with Plaintiff's contractual relationships. Plaintiff's most specific allegation along these lines is that "Defendants are attempting and will continue to attempt to induce [Plaintiff's] suppliers to work with [Defendant] Aero-Electric, thereby wrongfully interfering with the contractual relations between [Plaintiff] and its current suppliers." (FAC at ¶ 75.) The use of the term "attempting" demonstrates that Plaintiff's allegations are for an inchoate harm that has not occurred and may not ever occur.

Given the above, Plaintiff has again failed to allege the elements needed to state a claim. Accordingly, Defendants' Motion to Dismiss Plaintiff's claim for intentional interference with contractual relations (Claim 6) is **GRANTED** and this claim is **DISMISSED WITH PREJUDICE**.

**Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and Claims 4, 5, and 6 of the FAC are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

---

³ Defendants additionally allege that Plaintiff failed to allege that Defendants committed a "wrongful act" beyond the use of trade secrets and this claim is therefore preempted. As previously discussed, Defendants' preemption argument is premature and this argument is therefore rejected.