NOTE CHANGES MADE BY THE COURT.

____ Priority
✓ Send
____ Clsd
____ Enter
____ JS-5/JS-6
____ JS-2/JS-3

FILED
CLERK, U.S DISTRICT COURT
JUN - 7 2007
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALFORNIA

| | |
|---|---|
| AMPHENOL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>AERO-ELECTRIC CONNECTOR, INC., a California corporation, ALAN S. TROMBLY, an individual, and SCOTT COOLEY, an individual,<br><br>Defendants. | Case No. CV-06-5340-GPS(JWJx)<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT.<br><br>DOCKETED ON CM<br>JUN - 7 2007<br>BY ___ 005 |

For good cause shown, the Court hereby orders as follows:

1. **Application**. This Protective Order ("Order") shall apply to all litigation material designated as "Confidential" or "Confidential –Attorneys' Eyes Only" by the Party producing or presenting it during the course of this action, unless and until the Court determines that such litigation material shall not be so treated in accordance with the provisions of this Order. "Confidential" or "Confidential – Attorneys' Eyes Only" litigation material may be contained in information disclosed informally or formally during discovery, hearing or trial and may also be contained in any pleading, declaration, affidavit, brief, motion, transcript or other writing. Litigation material designated as "Confidential" or "Confidential –Attorneys' Eyes Only" shall be

1  used solely for the purpose of preparing for and conducting this litigation, and shall not be
2  disclosed in any manner, or used for any other purpose, without further order of the Court.
3  However:

4     a. Nothing herein shall prevent a Party from disclosing or using any
5  information or documents which the Party designated itself and which are confidential only to that
6  Party itself;

7     b. Acceptance by a Party of information designated pursuant to this Order
8  shall not constitute an admission or acknowledge that the material so designated is in fact
9  proprietary, confidential or a trade secret; and;

10     c. Nothing herein shall bar counsel from rendering advice to its client with
11  respect to this action, provided that counsel does not disclose such information in a manner not
12  specifically authorized below.

13   2. **Definitions**. The following definitions apply for the purposes of this Order:

14     a. "Producing Party" is the Party on whose behalf litigation material is
15  designated "Confidential" or "Confidential –Attorneys' Eyes Only."

16     b. "Counsel" is the counsel of record of any Party who has appeared in the
17  action.

18     c. "Confidential" litigation material is any litigation material, or portions
19  thereof, which constitutes a Party's trade secret information, or confidential research development,
20  commercial, marketing, business, investment, financial or other similar non-public information.

21     d. "Confidential –Attorneys' Eyes Only" litigation material is any litigation
22  material, or portions thereof, which is protectible "private" information under California's right to
23  privacy, or which constitutes a Party's trade secret information within the meaning of the Uniform
24  Trade Secrets Act, including California Civil Code Section 3426.1, and would be of economic
25  benefit to a Party's competitor.

26  The designation "Confidential" or "Confidential –Attorneys' Eyes Only" shall not apply to
27  any information or any document that is publicly available or that the non-Producing Party has
28  acquired through lawful means.

3. **Access re: "Confidential" Material**: Litigation material designated "Confidential," any copies thereof, and the information contained therein shall not be given, shown, made available or communicated in any way to anyone except:

    a.    The Court (including Clerks and other Court personnel);

    b.    Parties who have made a general appearance in this action, who agree to be bound by this Order, and their Counsel, including the legal associates and clerical or other support staff who are employed by such Counsel and are working under the express direction of such Counsel;

    c.    Consultants and experts retained in connection with the action who comply with the provisions of Paragraph 6 below;

    d.    Court reporters or videographers who record deposition or other testimony in the litigation;

    e.    Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof; and

    f.    Any other person to whom the Parties agree in writing before the "Confidential" material is disclosed to that person.

4. **Access re: "Confidential –Attorneys' Eyes Only" Material**: Litigation material designated "Confidential –Attorneys' Eyes Only," any copies thereof, and the information contained therein shall not be given, shown, made available or communicated in any way to anyone except:

    a.    The Court (including Clerk and other Court personnel);

    b.    Outside Counsel to the parties, including the legal associates and clerical or other support staff who are employed by such Counsel and are working under the express direction of such Counsel;

    c.    Consultants and experts retained in connection with the action who comply with the provisions of Paragraph 6 below;

    d.    Court reporters and videographers who record deposition or other testimony in the litigation;

1  e. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof; and

3  f. Any other person to whom the Parties agree in writing before the "Confidential-Attorney's Eyes Only" material is disclosed to that person.

5  g. The Parties acknowledge that material designated "Confidential- Attorney's Eyes Only" is not to be shared with or disclosed or communicated to employees of the Parties, including in-house legal counsel.

8  5. **Non-Expert Recipients:** Counsel shall apprise any person who is not an expert, but who is otherwise permitted to view "Confidential" or "Confidential -Attorneys' Eyes Only" litigation material, that he or she is bound by the terms this Order. Such person shall also execute the form attached hereto as Exhibit A. Counsel shall retain such written form until the conclusion of the action and shall promptly provide such form(s) to opposing Counsel upon written request.

13  6. The Parties agree that "Confidential" or "Confidential-Attorney's Eyes Only" material will not be shared with, disclosed or communicated to any person who is employed by any competitor to the Producing Party, without the prior written consent of the Producing Party. This includes persons that the non-Producing Party intends to use as consultants or experts in this Action.

18  7. **Expert Recipients:** Before any expert, retained by or on behalf of a Party for the purposes of this Action, is given access to litigation material designated "Confidential" or "Confidential -Attorneys' Eyes Only", the identity of that expert shall be disclosed to the Producing Party, along with a curriculum vitae or similar documents indicating the expert's work experience that is relevant to the subject matter of the action. Counsel who has retained the expert shall also respond to the Producing Party's reasonable requests for additional information about the expert. The Producing Party shall have ten calendar days from the date of notice within which to object to the expert. The grounds for such an objection shall either be a conflict of interest on the part of the expert or a substantial risk that the expert will advertently or inadvertently use or disclose the "Confidential" or "Confidential -Attorneys' Eyes Only" information. Any dispute over the designation of an expert shall be resolved using the procedures described in paragraph 15

1  of this order. The objecting Party will bear the burden of justifying the objection. Until such time
2  as the objection is withdrawn or overruled, no "Confidential" or "Confidential –Attorneys' Eyes
3  Only" material shall be disclosed to the expert. If no objection is made, or the objection is
4  withdrawn or overruled, counsel retaining the expert shall provide him or her with a copy of this
5  Order. The expert shall also execute the form attached hereto as Exhibit A. Counsel shall retain
6  such written statement until the conclusion of the litigation and shall promptly provide it to
7  opposing counsel upon written request.
8      8. **Requirement of Good Faith**: The Producing Party may not designate information
9  or any document as either "Confidential" or "Confidential –Attorneys' Eyes Only" unless that
10  Party has a reasonable basis for believing that, in fact, that information is "Confidential" or
11  "Confidential –Attorneys' Eyes Only" as defined in this Order.
12      9. **Documentary Discovery**: A Producing Party or its Counsel may designate as
13  "Confidential" or "Confidential –Attorneys' Eyes Only" any documents or other tangible litigation
14  material, including interrogatory answers, by making every such page "Confidential" or
15  "Confidential –Attorneys' Eyes Only" as appropriate.
16      10. **Depositions**: A Producing Party or its Counsel may designate depositions or other
17  [non-trial] testimony as "Confidential" or "Confidential –Attorneys' Eyes Only" by any one of the following
18  means:
19      a. Stating orally on the record, with reasonable precision as to the affected
20  testimony, on the day the testimony is given that this information is "Confidential" or
21  "Confidential –Attorneys' Eyes Only"; or
22      b. Sending to counsel for all other Parties written notice designating, by page
23  and line, the portions of the transcript of the deposition or other testimony to be treated as
24  "Confidential" or "Confidential –Attorneys' Eyes Only" within seven business days after receipt of
25  the official transcripts, during which period said deposition or testimony shall be treated as
26  "Confidential –Attorneys' Eyes Only".
27      c. The Producing Party may exclude from a deposition any person who is not
28  qualified for access to the "Confidential" or "Confidential –Attorneys' Eyes Only" information.

1   Any transcript or portion thereof designated "Confidential" or "Confidential –Attorneys' Eyes

2   Only" shall be bound separately and marked "Confidential" or "Confidential –Attorneys' Eyes

3   Only", respectively, and may only be disclosed in the manner set forth, and to the persons

4   designated, in this Order.

5       11.   **Third-Party Discovery:** If any third party, having received a subpoena or

6   compulsory process, wishes to utilize the protections set forth in this Order, such third-party may

7   do so by acknowledging in writing that it is bound by the terms of this Order and by submitting to

8   the jurisdiction of this Court for the purpose of enforcing this Order.

9       12.   **Inadvertent Production:** The inadvertent production of any document or other

10  disclosure of litigation material which the Producing Party contends is subject to this Order, and

11  which document or documents was not designated as such, or information which is subject to the

12  Attorney Client Privilege or the Attorney Work Product Doctrine, shall not necessarily be deemed

13  a waiver in whole or in part of the claim of protection or privilege, either as to the specific

14  document or the information disclosed. Promptly after the discovery of the inadvertent production,

15  the Producing Party shall give notice to the receiving Party that documents or information have

16  been inadvertently produced or disclosed and request that such documents or information be

17  designated "Confidential" or "Confidential –Attorneys' Eyes Only" or Attorney Client Privilege.

18  The receiving Party shall treat the inadvertently disclosed documents as "Confidential" or

19  "Confidential –Attorneys' Eyes Only" or privilege as requested until such time as any dispute over

20  whether an inadvertent production occurred has been resolved informally between the parties or

21  with the assistance of the Court. Any such dispute shall be resolved under Paragraph 15, below

22  and the Producing Party's inadvertent disclosure shall be a factor in determining whether any given

23  designation or privilege is justified.

24      13.   **Maintenance of Material:** The recipient of any "Confidential" or "Confidential –

25  Attorneys' Eyes Only" litigation material that is provided pursuant to this Order shall maintain it in

26  a secure and safe area and shall exercise due and proper care with respect to its storage, custody

27  and use so that only persons authorized to view such materials pursuant to this Order shall have

28  access to the materials.

14. **Court Procedures:** If litigation material designated "Confidential" or "Confidential –Attorneys' Eyes Only", or quotations from or references to such material, are to be included in papers filed with or otherwise disclosed to the Court, or in argument to the Court, the party seeking to use such material (the "submitting party") shall proceed as follows:

   a. If the litigation material was designated "Confidential" or "Confidential – Attorneys' Eyes Only" by the submitting party, then the submitting party may file with the Court an application to seal pursuant to L.R 79-5.1.

   b. If the litigation material was designated "Confidential" or "Confidential – Attorneys' Eyes Only" by anyone other than the submitting party, then the submitting party shall, at least ten (10) business days prior to the filing or use of such material, give notice to all other parties, and to any non-party, that designated the material as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, of the submitting party's intention to file or use the material, including specific identification of the material. Any affected party may then file with the Court an application to seal pursuant to L.R. 79-5.1.

15. **Objection to Designation of Documents or Experts:** If any Party objects to the designation of any litigation material as "Confidential" or "Confidential – Attorneys' Eyes Only", or objects to the designation of an expert as set forth in Paragraph 7 above, that Party shall first state the objection by letter to the Producing Party. The Parties agree to confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this Order within five (5) business days after receipt of the letter.

In the event that the Parties cannot resolve a dispute over a confidentiality designation or a proposed expert, a Party may elect to file a Joint Pleading with the Court. Within three (3) business days after counsel's meet-and-confer session (or sooner as the Parties jointly agree), the Parties shall provide a detailed Joint Pleading to the Court that indicates the Parties have complied with the meet and confer requirements described in this paragraph. The Joint Pleading shall also identify the challenged material and/or expert and set forth in detail the basis for the challenge. Upon receipt of the Joint Pleading the Court will determine what future proceedings are necessary.

The burden of persuasion in any such challenge to the designation of documents and



1148320.4

7

[PROPOSED] PROTECTIVE ORDER

11362235.III - 5/16/2007 9:43:59 AM

1  material shall be on the Designating Party. The burden of persuasion in any such challenge to a
2  proposed expert shall be on the objecting Party. Until the court rules on the challenge, all Parties
3  shall continue to afford the material in question the level of protection to which it is entitled under
4  the Producing Party's designation.
5      16. **Modification of Order:** The Parties may modify the provisions of this Order at
6  any time by written stipulation, so ordered by the Court. Moreover, by this Order, the Parties do
7  not waive any right to object to any discovery request, or to the admission of evidence on any
8  ground, or to seek any further protective order, or to seek relief from the Court from any provision
9  of this Stipulation.
10     17. **Return of Materials:** Within thirty (30) days of the conclusion of this litigation,
11 including any appeal(s) from a final judgment rendered by the Court, all litigation material
12 designated "Confidential" or "Confidential –Attorneys' Eyes Only" [excluding materials in the court's possession], and all copies or notes
13 thereof, shall be returned to counsel for the Party who initially produced the litigation material,
14 except that counsel may retain their work product and copies of court filings, trial or hearing
15 transcripts and exhibits, provided such retained documents will continue to be treated as provided
16 in this Order. In the alternative, counsel may shred or otherwise destroy all litigation material
17 designated "Confidential" or "Confidential –Attorneys' Eyes Only", except for the above-noted
18 work product, court filings, etc., and certify to the Producing Party, in writing, that such litigation
19 material has been destroyed.
20     18. **Cumulative Remedies:** In the event anyone shall violate or threaten to violate any
21 terms of this Order, the Parties agree that the Producing Party may immediately apply to obtain
22 injunctive relief against such other person or entity. Any and all other remedies available to the
23 Producing Party, including an order to show cause re contempt, are cumulative, and the application
24 for one does not preclude the later application for any other.
25     19. **Survival:** This Order is intended to regulate the handling of "Confidential" and
26 "Confidential –Attorneys" Eyes Only" information and documents during the pre-trial period of
27 this action. After the conclusion of the action, the obligations and duties arising under this Order
28 shall remain in effect and shall survive and continue to be binding until further order of the Court.

1  This Court shall retain jurisdiction over the Parties and any other person who accepts being bound
2  by the Order for the purpose of enforcing its terms.

4  Dated: *June 7, 2007*

                                   UNITED STATES MAGISTRATE JUDGE